Requestor: Thomas C. Brady Southern Tier West Regional Planning Development Board Southern Tier Professional Building 41 Main Street Salamanca, New York 14779-0227
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a regional planning board is subject to the provisions of section 41 of the General Construction Law governing quorum and majority vote requirements for public bodies.
Under section 41,
 "[w]henever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, at a meeting duly held . . . shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty".
The term "whole number" means the total number which the body would have were there no vacancies and if no one was disqualified from acting (id.,
§ 41).
In that article 12-B of the General Municipal Law, authorizing regional planning boards and establishing their powers, provides no quorum and voting requirements, we believe that regional planning boards are subject to the provisions of section 41 of the General Construction Law. It seems clear that a regional planning board composed of three or more persons is "charged with . . . [a] public duty to be performed or exercised by them . . . as a board". While you point out that members of regional planning boards may not be public officers on the grounds that they do not exercise sovereign powers of government, we need not reach that question. Section 41 covers not only public officers but also persons charged with any public duty and acting as a body.
It is clear that regional planning boards perform public duties (General Municipal Law, § 239-d). Regional planning boards are empowered to perform planning work, including the preparation of a comprehensive master plan for the development of the area it serves; review proposed changes in a county's plan indicating sites of highways, parks, parkways and other infrastructures; may recommend to the governing bodies of municipalities in its jurisdiction a comprehensive zoning plan; may designate areas outside the limits of any village or city as a county or regional subdivision control area; and generally provide research and planning services to municipalities in the region (ibid.).
Thus, prior to performing any public duty, the regional planning board must meet the quorum and voting requirements of section 41
of the General Construction Law. A majority of the entire authorized membership of the board is needed to have a quorum and to take action.
We conclude that a regional planning board is subject to the provisions of section 41 of the General Construction Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.